# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

NELDA L. GREGORY,

          **Plaintiff,**

-vs-                                            **Case No.  6:06-cv-1746-Orl-18UAM**

FIRST TITLE OF AMERICA, INC.,
BRUCE NAPOLITANO,

          **Defendant.**

---

## ORDER

THIS CAUSE comes before the Court on First Title of America, Inc. and Bruce Napolitano's (collectively, "Defendants") Dispositive Motion for Summary Judgment (Doc. 40, filed November 13, 2007), to which Plaintiff responded in opposition. (Doc. 43, filed December 14, 2007.) Plaintiff Nelda L. Gregory ("Plaintiff") brings this action for both unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and breach of contract. After reviewing the motions and memoranda provided by each party, the Court grants summary judgment with respect to Count I and dismisses Count II for lack of jurisdiction over the subject matter.

### I. BACKGROUND

Defendant Bruce Napolitano is the owner of First Title of America, ("First Title") a title marketing company based in Lake Mary, Florida. First Title, doing business as All Florida Title, closes real estate transactions and issues title insurance. Plaintiff was an employee of Defendants from July 2004 through January 2005. Plaintiff's job description was to "provide the services for referring and closing title insurance customers." (Doc. 40-3 at 1.) Under the terms of the Employment Agreement between the parties, Plaintiff initially was paid $1,000 per week. (Id.) Once

Plaintiff provided six referrals per week over a sixty day period, Plaintiff would be paid by receiving a fifty percent commission on all her clients who close with First Title. (Id. at 2.) Plaintiff claims that she often worked more than forty hours per week, but was never compensated for her overtime. Plaintiff also claims that Defendants breached the employment agreement by failing to pay all agreed upon compensation.

## II. DISCUSSION

### A. Summary Judgment Standard

A court will grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see, e.g., Stachel v. City of Cape Canaveral, 51 F. Supp. 2d 1326, 1329 (M.D. Fla. 1999). Material facts are those that may affect the outcome of the case under the applicable substantive law. Disputed issues of material fact preclude the entry of summary judgment, but factual disputes that are irrelevant or unnecessary do not. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of proving that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986). In determining whether the moving party has satisfied its burden, the Court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). The moving party may rely solely on the pleadings to satisfy its burden. Celotex, 477 U.S. at 323-24. A non-moving party bearing the burden of proof, however, must go beyond the pleadings and submit

affidavits, depositions, answers to interrogatories, or admissions that designate specific facts indicating there is a genuine issue for trial. Id. at 324. If the evidence offered by the non-moving party is merely colorable, or is not significantly probative, the Court may grant summary judgment. Anderson, 477 U.S. at 249-50. Similarly, summary judgment is mandated against a party who fails to prove an essential element of its case. Celotex, 477 U.S. at 322.

### B. Fair Labor Standards Act

The FLSA provides, in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). Congress, in enacting the FLSA, exempted many types of employers and employees from its overtime provisions. See 29 U.S.C. § 213. The exemptions are to be narrowly construed and the burden is on the employer to show "that it is entitled to the exemption." Evans v. McClain of Ga., Inc., 131 F.3d 957, 965 (11th Cir. 1997).

Defendants have asserted that Plaintiff falls within the outside salesman exception. See 29 U.S.C. § 213(a)(1). An outside salesman is any employee whose primary duty is either making sales or obtaining orders or contracts for services and who regularly performs these primary duties away from the employer's place of business. 29 C.F.R. § 541.500 (2007).[1] In this context, the word service

---

[1] Regulations promulgated pursuant to an express delegation of legislative authority are to be given controlling weight, unless found to be arbitrary, capricious, or contrary to the statute. Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843-44 (1984).

"extends the outside sales exemption to employees who sell or take orders for a service, which may be performed for the customer by someone other than the person taking the order." 29 C.F.R. § 541.501 (2007).

While the question of how an employee spends her time is a question of fact, the question of whether the employee falls within an exemption is a question of law. See Reich v. Wyoming, 993 F.2d 739, 741 (10th Cir 1993); Dalheim v. KDFW-TV, 918 F.2d 1220, 1226 (5th Cir. 1990). Plaintiff could not sell title insurance herself because she was not licenced to do so. (Doc. 43-1.) However, Plaintiff's primary duty was to obtain orders for title services, and her compensation was tied to how many orders for service she obtained.

> Q. And you obtained orders for title services?
> A. Yes.
> Q. Did you have -- so to the extent you promoted the business, it was with the goal of obtaining orders for title services, correct?
> A. Yes
> Q. And pursuant to the employment agreement, that was how you were to be paid, correct? On the basis of the title orders you obtained that then closed.
> A. A commission, yes.

(Doc. 40-1, at 24-25.)

As 29 C.F.R. § 541.501 makes clear, the inquiry does not focus on whether Plaintiff could perform the service herself, but whether her duty was to sell or bring orders to the employer. This Court finds that Plaintiff's primary duty was to obtain orders for Defendants, consistent with the requirements for the outside salesman exemption. In addition, Plaintiff has stated that her duties while employed by Defendants typically took place outside the employer's place of business. (Doc. 40-1 at 29, 39-40.) Having found that Plaintiff meets the requirements of the outside salesman exemption, the Court grants Defendant's Motion for Summary Judgment with respect to Count I.

## C. Supplemental Jurisdiction Over Count II

The basis for this Court's jurisdiction lies in 28 U.S.C. § 1331, which states "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Count II of the complaint alleged violations of Florida contract law, and was properly before this Court's supplement jurisdiction pursuant to 28 U.S.C. § 1367(a). As Count I of the Complaint was the only claim arising under the Constitution and laws of the United States, and it has been adjudicated, this Court declines to continue exercising supplemental jurisdiction over the state law claim. 28 U.S.C. § 1367(c)(3). As there is no longer jurisdiction over the remaining claim, this Court may dismiss it. "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). Count II is dismissed for lack of subject matter jurisdiction.

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is **GRANTED** with respect to Count I. Count II is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction over the subject matter.

**DONE** and **ORDERED** in Orlando. Florida on this _14_ day of January, 2008.

**G. KENDALL SHARP**
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

-5-